IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT L. NETTLES**                                                              **PLAINTIFF**

v.                                                                    CAUSE NO. 1:10CV271-LG-RHW

**MASSE CONTRACTING, INC, and**
**B&D CONTRACTING, INC.**                                                  **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER GRANTING**</u>
<u>**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**</u>

BEFORE THE COURT are 1) the Motion for Summary Judgment [65] filed by Defendant Masse Contracting, Inc., and 2) the Motion for Summary Judgment [67] filed by Defendant B&D Contracting, Inc.  Plaintiff Robert Nettles has filed responses, and the Defendants have replied.  Nettles, an employee of Global Employment Services, seeks to impose liability for his on-the-job injuries on his co-workers' employers, Masse Contracting, Inc. and B&D Contracting, Inc.  Masse and B&D contend that LHWCA provides the exclusive remedy for Nettles' on-the-job injury, rendering them immune from liability.  They further contend that Nettles cannot show that they breached an owed duty.  After due consideration of the submissions and the relevant law, it is the Court's opinion that there is no question of material fact for the jury.  The Defendants have shown the lack of evidence that they breached an owed duty.  Accordingly, the Motions will be granted and Plaintiff's claims dismissed.

BACKGROUND

Masse and B&D are labor staffing companies that entered into contracts to

supply laborers to VT Halter Marine.[1]  Halter requested unskilled labor personnel from both Defendants to work at its Escatawpa shipyard.  Masse provided Dwight Monroe, and B&D provided Alex Caballero.  Plaintiff Nettles was provided to Halter as a painter through a third labor staffing company - Global Employment Services, Inc.  Nettles, Monroe and Caballero were working in the same area on the tug ACHIEVEMENT when an explosion occurred on November 20, 2009.  Nettles alleges the explosion was the result of "dangerous, unsafe, grossly negligent, reckless and wanton conduct" by Monroe and Caballero, in that they introduced combustible, flammable liquids into an enclosed space.  (Compl. 6 (¶9), 8(¶13), ECF No. 1). The explosion killed Caballero and Monroe, and injured Nettles.  Nettles is receiving benefits under the Longshore Harbor Workers' Compensation act through Global.

Nettles alleges that Masse and B&D failed to adequately train or otherwise prepare their employees for the work they were performing at the time of the explosion.  (*Id*. at 9, 10).  He further alleges that Masse and B&D negligently hired, retained, and/or trained Monroe and Caballero.  (*Id*. at 11, 12).

Masse and B&D move for summary judgment on the grounds that Nettles, Monroe and Caballero were all borrowed employees of Halter at the time of the explosion, and therefore the LHWCA provides the exclusive remedy for Nettles' on-the-job injury.  Masse and B&D also argue that, even if they were not immune from

---

[1] Masse contracted with Halter in April 2008.  B&D contracted with Halter in September 2007.

suit under the LHWCA's exclusivity provision, Nettles has failed to establish a duty that was breached because they did not owe a duty to provide Halter with trained, skilled laborers under the circumstances.[2]

## DISCUSSION

Whether the nominal employer of an injured plaintiff's co-employee can be liable to the plaintiff for its direct negligence, or is instead immune pursuant to the LHWCA's exclusivity provision, is an issue that has not been decided by the Fifth Circuit. But even if the Defendants are incorrect in their argument concerning the LHWCA's exclusivity provision, and therefore subject to liability, Nettles has failed to show that Massee or B&D were negligent in their hiring, retention and training of Caballero and Monroe.

General principles of negligence apply to maritime tort cases. *See, e.g., Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 885-86 (5th Cir. 1993). "[T]he rules of negligence are the same under admiralty and Mississippi law." *Crear v. Omega Protein, Inc.*, 86 F. App'x 688, 690 (5th Cir. 2004). To establish a negligence claim a plaintiff must show that: 1) the defendant owed the plaintiff a duty of care; 2) the defendant breached the duty; 3) the plaintiff suffered damages; and 4) the breach

---

[2] An action against B&D alleging the same causes of action was brought in this district by another worker injured in the explosion. In *Ates v. B&D Contracting, Inc.*, No. 1:10cv272-HSO-JMR, the plaintiff was provided to Halter by Masse. As in this case, the plaintiff alleged that B&D was negligent in training, hiring, and retaining Caballero and sought compensatory damages for his injuries. The district court granted summary judgment to B&D, and the Fifth Circuit Court of Appeals affirmed the decision. *Ates v. B&D Contracting, Inc.*, No. 11-60833 (Sept. 4, 2012).

proximately caused the damages.  *See Lloyd's Leasing Ltd. v. Conoco*, 868 F.2d 1447, 1449 (5th Cir. 1989).

Nettles argues that since defendants, as evidenced by their contract labor agreements with Halter, undertook the task of hiring and training its employees, they were required to act reasonably in the hiring, training and placement of Monroe and Caballero.  He contends that there is no evidence that Masse and B&D acted reasonably during the hiring and training of Monroe and Caballero.

Masse and B&D provide evidence that their Contract Labor Agreements with Halter Marine required them to provide qualified employees only as specified by Halter.  (B&D Mot. Ex. A to Ex. B (¶3), ECF No. 67-2; Masse Mot. Ex. D (¶3), ECF No. 65-4).  In the case of Monroe and Caballero, Halter did not require Masse or B&D to provide any training - only to provide people physically capable of working as a laborer.  (B&D Mot. Ex. B 1 (¶5,6), ECF No. 67-2; Masse Mot. Ex. A 2 (¶5), ECF No. 65-1).  According to the affidavit of Halter's program manager for construction of ACHIEVEMENT, Monroe and Caballero were classified as unskilled laborers and Halter required no special training by either Masse or B&D.  (B&D Mot. Ex. A (¶ 3), ECF No. 67-1; Masse Mot. Ex. B (¶3), ECF No. 65-2).

Assuming that the Defendants' duty is established through their agreements with Halter, their conformance with that agreement is sufficient to negate a breach of that duty.  Masse and B&D satisfied their obligations under the agreements by providing what Halter had requested - unskilled laborers.  Therefore, Nettles' claim of negligent training fails as a matter of law.

To support negligent hiring or retention claims, a plaintiff must show that the employer was on notice that the employee at issue constituted a risk of harm to those it owed a duty.  *See, e.g., Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 610-11 (7th Cir. 2008); *Khan v. Hous. NFL Holdings LP*, 277 F. App'x 503, 504 (5th Cir. 2008).  There has been no evidence provided that Masse was on notice that Caballero constituted a risk of harm, or that B&D was on notice that Monroe was a risk of harm.  Accordingly, these claims fail as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [65] filed by Defendant Masse Contracting, Inc., and the Motion for Summary Judgment [67] filed by Defendant B&D Contracting, Inc., are **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 17th day of September, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE